In the Matter of M. VARTAN MALCOLM, an Attorney (Also Known as M. VARTAN MALCOM), Respondent.

First Department, November 27, 1931.

*Einar Chrystie*, for the petitioner.

*M. Vartan Malcom*, respondent in person.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the October, 1914, term of the Appellate Division, First Department.

In the petition herein he is charged with professional misconduct as follows:

In September, 1926, one Armen J. Vartan retained the respondent as his attorney to collect damages for personal injuries claimed to have been sustained as the result of an accident. Thereafter the respondent negotiated a settlement of the claim for the sum of $1,750, which amount was paid to the respondent on or about January 3, 1929. The respondent converted the entire amount collected to his own use, and for the period of a year thereafter had failed to carry out numerous promises to make remittance of his client's share of the money collected. No part of the money collected had been paid to the client up to the time the matter was investigated by the committee on grievances of the petitioner. The respondent was not entitled to retain any part of the amount collected, except one-third thereof as his fee for services rendered in the matter.

The respondent answered, denying the charge, and alleging, as justification for having retained the money, that the delay in settling with his client was due to his refusal to pay, in addition to the fee of the respondent, the expenses of the litigation.

The matter was referred to an official referee to take testimony in regard to the charge and to report the same with his opinion thereon to this court. The learned referee has duly reported finding the respondent guilty as charged. The petitioner now moves that this court take such action in the matter as it may deem just and proper.

Upon this record it appears not only that the conclusion of the referee is the only conclusion that is warranted by the evidence, but, in addition, the respondent has been guilty of the fabrication of evidence in support of his contentions and of attempting to intimidate the complainant into a withdrawal of his complaint. The evidence establishes the following facts:

One Armen J. Vartan, a resident of California, while in the city of New York, was injured in an accident. He retained the respondent as his attorney to prosecute an action for damages, and returned to California. The respondent commenced such an action and subsequently negotiated a settlement of $1,750, receiving a check for that amount on January 3, 1929. On January 10, 1929, the respondent wrote Vartan that the matter had been settled and he had the check, and that he would send the money to Vartan upon the return of the respondent from a trip to Washington, stating: " I have to wait two or three days before the check is cashed; that is why I would rather wait until Monday."

This statement was false, for, as noted above, the check had been paid a week previously. That the statement was deliberately false is indicated by the fact that the proceeds of the $1,750 check

received by respondent in settlement of the Vartan claim and deposited in his account had been applied by the bank in payment of promissory notes of the respondent on January 7, 1929, and the notes returned to the respondent.

Following this, the respondent repeatedly, by letter and telegram, promised to forward check to Vartan in the next few days; the last of these being a telegram dated June 20, 1929, stating: " Check will be mailed to you next Tuesday."

In January, 1930, Vartan had received no part of the money paid as compensation for his injuries and which the respondent had collected more than a year previously. He, therefore, took the matter up with the petitioner's committee on grievances. The latter took the matter up with the respondent, who requested an adjournment in order that he might have an opportunity to take the matter up by correspondence with the personal counsel of Vartan in California, through whom the respondent alleged all negotiations had been conducted. This latter statement was also false as the only counsel in California in communication with respondent was his classmate, Daniel Beecher, who had acted for respondent. The hearing was adjourned to February 13, 1930, but the respondent failed to appear before the committee and offered no explanation of his conduct.

It appears, however, that on February 4, 1930, the respondent had sent to Vartan a telegram reading: " Kindly call on Mr. Beecher next Monday for your money." To Daniel Beecher, who resided in Los Angeles, Cal., the respondent sent a check for $875 to the order of Vartan, together with a letter of instructions. Beecher declined to act further. Respondent then took up, through the Rev. M. T. Kalaidjain, the matter of an adjustment with Vartan. The Rev. Mr. Kalaidjain, on February 14, 1930, sent to Vartan a telegram which had been prepared under the supervision of the respondent, reading as follows: " Malcom gave me check returned by Beecher Stop Will mail certified check immediately upon proper receipt Stop You must also withdraw charges to prevent very serious consequences for both Stop It is imperative that you wire today to Einar Chrystie forty-three West Forty-Third Street as follows Stop Upon investigation I find Malcom blameless in Pecht matter therefore I withdraw complaint take no further action Stop Letter by air mail follows . Stop Wire me.

" REV. M. T. KALAIDJAIN,<br>" 303 Fifth Ave."

Upon the same date a letter was sent by the Rev. Kalaidjain to Vartan, stating: " Mr. Malcolm gave definite reasons why he

had retained the check he received for a long time without cashing it, * * * At the same time you found it proper to complain against Mr. Malcolm to the Bar Association of New York. Of course, if you comprehend that serious results may be the outcome of this present step you have taken, I do not think you would have taken a step of this kind. Your interest demands that this matter be disposed of immediately in a friendly way. As I wired you today, I am sending you herewith enclosed two letters, two copies, and I request that you sign the letters addressed to Mr. Chrystie, sending one copy to him and one to me. Likewise, sign and return to me the receipt for Mr. Malcolm. When I receive the two letters I promise that on the same day I will at once send you Mr. Malcolm's check for $875, (certified check), which he left with me today, and which I will keep until I hear from you, but, if you desire, I can wire that money to you the same day I receive the two letters from you."

Inclosed in this letter were two letters which Vartan was requested to sign and return to New York, of which the following are copies:

" Mr. EINAR CHRYSTIE,
  " 43 West 43rd Street,
   " New York, N. Y.

" DEAR SIR: Confirming my recent telegram I wish to inform you that upon investigation I find Mr. Vartan Malcom blameless in Pecht case, therefore I withdraw my complaint and respectfully request you to take no further action in the matter.

      " Yours very truly,"

" Mr. VARTAN MALCOLM,
  " 7 Dey Street,
    " New York, N. Y.

" DEAR MR. MALCOLM: This will acknowledge the receipt of a certified check for $875.00 being my full share of the proceeds from the Pecht case. I am perfectly satisfied with this result and I regret that there has been a misunderstanding about this matter for which you are in no way to be blamed.

      " Very truly yours."

The respondent also sent to Vartan a telegram reading as follows:

" ARMEN J. VARTAN
   " 1008 North Ardmore Ave.

" Reverend Kalaidjian handling matter Stop Complaint amounts to criminal charge and unless it is withdrawn forthwith it will lead into grave trouble involving you and other concerned Stop Please think what you are doing.

     " M. VARTAN MALCOM."

Vartan refused to accept the offer of $875 in settlement but insisted upon two-thirds of the amount collected by the respondent. This the respondent finally remitted.

The respondent testified before the referee that the agreement respecting the fee of the respondent was that he was to receive one-third plus his expenses, or else one-half gross. The respondent further testified that there was available at all times money with which to pay Vartan his share of the collected claim, but that the parties were in dispute over the amount and the delay was due largely to the fact that Vartan had sought to adjust the matter through mutual friends of the parties rather than directly with the respondent.

The facts belie these contentions. The respondent unfortunately has made a bad matter worse by the means which he adopted to extricate himself from the situation. He has falsified again and again, has fabricated fictitious evidence, and has sought to intimidate his former client into withdrawing his charges and whitewashing the respondent. There may be extenuating circumstances for a failure upon the part of an attorney to meet his obligations to his client, arising out of financial reverses and other exigencies. None such can be found, however, in the attitude and conduct of the respondent throughout this matter.

The respondent has demonstrated clearly his total unfitness to remain a member of an honorable profession, and must be disbarred.

MERRELL, McAVOY, MARTIN and SHERMAN, JJ., concur.

Respondent disbarred.